CHARLES M. TILLINGHAST & another, trustees, *vs.* NORTH
END SAVINGS BANK.

Suffolk.    January 18, 1901. — April 3, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

Upon a first mortgage to secure a building loan of $20,000 a bank advanced $15,000
and retained $5,000 under an agreement with the mortgagor "until the said
building shall be in such progress to completion that the mortgagee shall deem it
safe to advance said balance." A second mortgagee acquired the equity in the
property by foreclosure, and brought a bill to redeem from the first mortgage.
The bank had paid out the whole of the $5,000 retained by it upon orders from
the mortgagor, leaving the amount of $450 due to it for interest. It was con-
tended by the second mortgagee that the bank ought to have applied the amount
of $450 to the payment of this interest from the $5,000 retained by it, and
could not require that sum to be paid by the second mortgagee in redeeming
from the bank's mortgage. *Held*, that the bank was not bound thus to apply
the money in its hands, that the $5,000 was not additional security but was part
of the sum lent, retained to ensure the completion of the building, and that the
rule, requiring a prior encumbrancer with two securities first to resort to that on
which the subsequent encumbrancer has no lien, did not apply. Whether the
bank lawfully could have set off the sum of $450 against the interest due it
without the consent of the mortgagor, *quære*.

MORTON, J.    This is a bill to redeem.    The sole question is
whether the sum of $450 should have been applied by the bank
to the payment of interest due it on the mortgage.    It appears
that in August, 1892, one Black and his wife made a mortgage
for $20,000 to the defendant bank.    At the time the mortgage
was made there was a building in the process of erection on the
premises and the loan was what is termed a building loan.    Of
the sum lent $15,000 was advanced at once to the Blacks, and
the balance of $5,000 was retained by the bank under an agree-
ment with them " until the said building shall be in such prog-
ress to completion that the mortgagee shall deem it safe to
advance said balance."    The $450 is a part of the $5,000 thus
retained.    Ten days after this mortgage was made a second mort-
gage was made by the Blacks subject to the first mortgage of
$20,000.    This mortgage has been foreclosed and the plaintiffs
have succeeded to the title.    The defendant had notice of the
foreclosure at or about the time it took place and before paying
over the $450 as hereinafter stated.    Before the foreclosure the

treasurer of the defendant bank had informed Black that he could have at any time the balance of the $5,000 in its hands amounting to $1,000. Subsequently to this, the money was trusteed in the hands of the bank in a suit brought to recover for lumber used in the construction of the building. A portion of the $1,000 was applied by the bank on the order of Black to the payment of interest which was overdue, and the balance, the $450 in question, was paid over also on his order and used in the settlement of the suit above referred to. At the time of the payment of the $450 there was interest due the bank on the mortgage.

The plaintiffs contend that the bank had as security for its loan a mortgage on the real estate and also the $5,000 retained by it as above, and that it was bound as against and in favor of the subsequent mortgagee and his assigns to apply the $450 to the payment of the interest that was due it on its mortgage. They also contend that the $450 was by operation of law set off against the interest due the defendant. But the $5,000 was not additional security. It was part of the sum lent and was retained to ensure the completion of the building and the $450 has been applied to the payment for material which was used in the construction of the building. The case is not, therefore, a case for the application of the rule that a prior encumbrancer having two or more securities for his debt will be compelled to resort first to that on which the subsquent encumbrancer has no lien. The case relates rather to the application of the proceeds of the mortgage loan itself. What the effect, if any, would have been if the second mortgagees upon taking their mortgage had notified the bank of that fact, and had notified it not to pay over to the Blacks the $5,000 or any part thereof, or if they had given such notice to the bank immediately upon the foreclosure, we need not consider, as no such notice was given. No doubt the bank could have offset the $450 against the interest due it if the mortgagors had agreed that it might. Whether it could have done so if they did not agree, it is not necessary to decide. We do not see how the bank can be compelled to make such set-off, or, what is the same thing perhaps, on what ground the law itself can make it.                    *Decree affirmed.*

*G. A. Blaney,* for the plaintiffs.

*W. C. Williamson,* for the defendant.